UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRET A. LEWIS, et. al.,

        Plaintiffs/Counter-Defendants,

                                           CASE NO. 1:07-CV-639

v.

                                           HON. ROBERT J. JONKER

UNITED JOINT VENTURE,

        Defendant/Counter-Plaintiff.

_____/

## OPINION AND ORDER

        This matter is before the Court on United Joint Venture's motion to stay execution of judgment pending resolution of its motion for remittitur or new trial (docket # 107). Plaintiffs do not oppose the stay, but have requested that United Joint Venture ("UJV") be required to post a bond approximately equal to the current net value of the judgement rendered against UJV in this case. (Response to Motion for Stay, docket # 109.) UJV argues it should not be required to post any bond, because it does not have the finances to do so. (Affidavit in Support of Stay, docket # 115.)

        Under FED. R. CIV. P. 62(b), the Court has the authority to stay execution of judgment, "[o]n appropriate terms for the opposing party's security." What constitutes "appropriate terms" is a matter left to the trial court's discretion, but normally the party seeking a stay is required to post a bond sufficient to protect fully the prevailing party's interest in the judgement. *See In re Apollo Group Inc. Sec. Litig.*, 2008 WL 410625, at *1 (D. Ariz. 2008); *Cf. Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (analyzing the supersedeas bond requirement of FED. R. CIV. P. 62(d)). The trial court may forego the bond requirement under certain circumstances, such as, for example,

"where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money." *Arban*, 345 F.3d at 409 (quoting *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)). However, there is a presumption in favor of requiring a bond, and the party seeking an unsecured stay bears the burden of showing why a bond should not be required under Rule 62(b). *See Apollo Group*, 2008 WL 410625, at *1; *see also Fed. Prescription Srv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980) (noting that, under Rule 62(d), "a full supersedeas bond should be the requirement in normal circumstances").

The net value of the judgment against UJV in this case is $786,109.28, plus costs and interest as allowed by law.[1] (*See* Judgment, docket # 105.) UJV argues it should not be required to post any security because it does not have enough liquid assets to obtain a bond for that amount. (*See* Affidavit in Support of Stay, docket # 115.) UJV relies on dicta from *International Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212, 214 (D.S.C. 1984), for the proposition that a party seeking a stay is not required to post a security if doing so would be "impossible or impractical." But the *International Wood* Court ultimately ordered the defendant to post a bond equal to the full value of the damages award plus interest. *Id.* at 216 n. 2. UJV fails to cite a single case where a court allowed an unsecured stay because the judgment debtor had difficulty posting a bond.

More importantly, UJV's argument contradicts the very purpose of FED. R. CIV. P. 62(b). The rule is meant to protect the prevailing party's interest in the judgment while preserving the status quo pending disposition of post trial motions. *Slip 'N Slide Records, Inc. v. TVT Records, LLC*, 2007 WL 1098751, at *2 (S.D. Fla. 2007); *Cf. Poplar Grove Planting & Refining Co., Inc. v. Bache*

---

[1] Plaintiff also has moved for an award of attorney fees in the amount of $218,674.00 (docket # 108), but the Court has not yet ruled on that motion.

*Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) (analyzing the purpose of a Rule 62(d) supersedeas bond). UJV's purported inability to post a bond does not in any conceivable way show that Plaintiff's interest in the full value of the judgment is secure. In fact, it shows just the opposite. UJV's alleged illiquidity[2] strengthens, not weakens, the need for an appropriate bond. *See Slip 'N Slide*, 2007 WL 1098751, at *2 ("Thus, if a Court finds that the defendant's ability to satisfy its obligations, now or in the future, is uncertain then it is not appropriate to stay execution of a judgment.").

The same rationale would–and potentially could–apply to Plaintiffs if, after resolution of the parties' post-trial motions, the net value of the judgment in this case favors UJV. To hold otherwise would contradict the plain language of Rule 62(b) and frustrate the purpose underlying the rule. *See Apollo Group*, 2008 WL 410625, at *1 (noting that an unsecured stay should be granted only "in unusual circumstances," where doing so "will not unduly endanger the judgment creditor's interest in ultimate recovery" (quoting *Federal Prescription Services*, 636 F.2d at 760-61)); *International Wood*, 102 F.R.D. at 214 ("Rule 62, taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of the time for filing a motion for a new trial."). Of course, the parties are free to structure their own agreement on appropriate security, no matter who the net judgment ultimately favors.

---

[2] The balance sheet is difficult to analyze in the abstract. The most significant dollar items have footnotes, which is typical but the footnotes are not included with the exhibit. These footnotes undoubtedly detail material information about the listed assets and obligations, including without limitation, the terms of payment or receipt, and whether affiliated entities are involved with the entries. From the exhibit in its current form, it is not possible to conclude by a preponderance much about UJV's ability to post security.

At this time, the net judgment favors Plaintiffs. **ACCORDINGLY, IT IS ORDERED** that United Joint Venture shall have 20 days from the date of this Opinion and Order to post a bond or other adequate security[3] in the amount of $786,109.28–that total corresponding to the net value of the judgment rendered against United Joint Venture in this case. If United Joint Venture fails to post such security by that time, and if the net judgment continues to favor Plaintiffs at that time, the Court will lift the temporary stay currently in effect.


Dated:     June 10, 2009                          /s/ Robert J. Jonker
                                                  ROBERT J. JONKER
                                                  UNITED STATES DISTRICT JUDGE

---

[3] Commercial parties often arrange and agree to letters of credit, for example, in lieu of a bond because the market for supersedeas bonds is sometimes quite limited. The form of security is less important than the substantive protection of the secured party.