UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRET A. LEWIS, et al.,

        Plaintiffs/Counter-Defendants,

                                            CASE NO. 1:07-CV-639

v.

                                            HON. ROBERT J. JONKER

UNITED JOINT VENTURE,

        Defendant/Counter-Plaintiff.
_____/

## ORDER

        This matter is before the Court on United Joint Venture's motion for remittitur or new trial (docket # 106) and Plaintiffs' motion for attorney's fees and costs (docket # 108). The Court held a hearing to address these motions on June 25, 2009. After careful review of the record, and for the reasons stated in detail at the hearing:

        1.      **IT IS ORDERED** that Defendant United Joint Venture's motion for remittitur or new trial is **GRANTED IN PART**, **DENIED IN PART and CONDITIONALLY GRANTED IN PART**.

        The motion is **GRANTED** to the extent it requests a remittitur under FED. R. CIV. P. 59(e) because the Court finds that the jury's punitive damages award in this case violates the Due Process standard.

        The motion is **DENIED** to the extent it seeks remittitur to a 1:1 ratio of punitive to compensatory damages because the Court finds that an award representing a 4:1 ratio between punitive damages and actual compensatory damages still falls within constitutional bounds on this

record. Plaintiffs shall have 30 days from the date of this Order to decide whether to accept the Court's remitted award by filing a written election with the Court. If all Plaintiffs file a timely acceptance, the Court will enter a revised final judgment based on the accepted remittitur.

The motion is **CONDITIONALLY GRANTED** to the extent it seeks a new trial on the amount of punitive damages, but only on condition that one or more Plaintiffs fail to file a timely acceptance of the remittitur.

2.  **IT IS FURTHER ORDERED** that Plaintiffs' motion for attorney's fees and costs under the Fair Credit Reporting Act (docket # 108) is **GRANTED**, and that the ultimate final judgment in the case include an award against United Joint Venture and in favor of Plaintiffs under the Act of $20,024.55 in costs and $218,674.00 in attorney fees.

**IT IS FURTHER ORDERED** that the Court's earlier ruling on Defendant United Joint Venture's motion for stay of execution (docket # 116) of the Court's original judgment (docket # 105) is vacated in light of this order. In light of the Court's ruling in ¶ 1 of this Order, the original judgment is no longer final for purposes of execution in the Court's view. *Cf. Anderson v. Roberson*, 249 F.3d 539, 542 (6th Cir. 2001) (entry of a hybrid order providing for remittitur or new trial obviates finality for purposes of appeal). To the extent there is any doubt, the Court orders that neither party be permitted to seek execution of any provision of the original judgment. Execution and other enforcement will be available to the parties, as permitted by law, upon subsequent entry of final judgment in this case.

Dated:     July 2, 2009            /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   UNITED STATES DISTRICT JUDGE