UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRET A. LEWIS, et al.,

        Plaintiffs,          Case No. 1:07-cv-639

v.          Hon. Robert J. Jonker

UNITED JOINT VENTURE,

        Defendant.
_____/

**OPINION AND ORDER**

      Before the Court is Plaintiff Howard Ross' ("Ross") appeal of the Magistrate Judge's Order granting Defendant United Joint Venture's motion to compel Ross to answer questions under oath regarding any attorney fee agreement between Ross and his attorney that relates to this lawsuit. (docket # 148.) In his appeal brief, Ross argues the Magistrate Judge erroneously concluded that (1) the information Defendant seeks is relevant and therefore subject to discovery and (2) sanctions were warranted based on Ross' refusal to answer Defendant's questions that related to his attorney fee arrangement with counsel. As provided under Fed. R. Civ. P. 72(a), the Court reviews Ross' Objection to the Magistrate Judge's Order (docket # 155) for clear error. *See also Heights Comm. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985) (holding under a clear error standard of review, a district court should only overrule a magistrate judge's order if the court has "a definite and firm conviction that a mistake has been committed"). For the reasons set forth below, the Court **AFFIRMS** the Magistrate Judge's Order. (docket # 154.)

      As outlined in the Magistrate Judge's previous Orders, the plaintiffs in this action—Bret Lewis, Rebecca Lewis (collectively, the "Lewises"), Bruce Jennings, and Ross—were awarded attorneys fees and costs against Defendant. (docket ## 122, 144, 148.) The Court previously determined that this award was the joint property of the plaintiffs as a group, and that it was therefore enforceable by any one of them. (*Id.*) However, despite this award, Ross was a net judgment debtor of Defendant, which led to the creditor's examination at issue before the Court. (*Id.*) In an effort

to collect on the Judgment, the Lewises filed a writ of garnishment against Defendant in the Northern District of Ohio. (docket # 155-4.) Ross argues that as a result of this writ of garnishment, "the Lewises are the only plaintiffs in this action who have a legal right to collect the attorneys' fees and costs paid into the Ohio Court by [Defendant]," and that "the Lewises' lien on the attorneys' fees and costs puts the Lewises in a position to override any agreement between Ross and Weinner & Gould [Ross's counsel] as to the disposition of the funds, even if such an agreement existed." (docket # 155, at 4.) In the alternative, Ross argues that even if the Lewises' garnishment order did not render the attorney fee agreement unenforceable, any fee award would pass directly to Ross' counsel, and would therefore not be relevant to the creditor's examination of Ross individually. (*Id.*)

Ross' arguments are unpersuasive. The parties agree that in a creditor's examination, a creditor is entitled to inquire about information relating to the property or income of the debtor. *See* MICH. COMP. L. § 600.6110. It is also undisputed that a large attorney fee award was awarded jointly to Plaintiffs in favor of Defendant. While the Lewises appear to have acted first in collecting on the Judgment, that certainly does not necessarily preclude Ross from asserting an interest against the Lewises' for a pro rata share of the Judgment. The ultimate division of the attorney fee award will depend on the amount of money actually collected, the agreements, if any, between the various parties and their respective attorneys, and state law governing lien priority. The attorney fee arrangement between Ross and his attorney is certainly relevant to this inquiry. Defendant, as a creditor of Ross, has a right to know what interest Ross has in the attorney fee award. Without the attorney fee agreement, it is impossible for Defendant to conduct an informed assessment as to this issue.

Furthermore, the Court declines to modify the Magistrate Judge's Order as to sanctions or the scope of relief provided to Defendant. As stated in the Fed. R. Evid. 401, "'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. This is a relatively low threshold, particularly in the discovery phase, when parties are engaged in fact-finding that will sharpen the issues presented at trial. The information at issue in this case—whether any attorney fee agreement existed between Ross and his counsel, and the content of such an agreement—was clearly relevant to ascertaining Ross' property interests in

the attorney fee award. While counsel was free to object to the relevance of the agreement during the creditor's examination and raise the issue if in a subsequent motion or other judicial proceeding regarding the matter, counsel was not substantially justified in instructing Ross not to answer Defendant's question on the subject. *See* FED. R. CIV. P. 16(f), 37. The Magistrate Judge's Order properly granted Defendant's Motion, and the sanctions awarded were appropriate given the record is this matter.

**IT IS SO ORDERED**.

    /s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE

Dated: January 3, 2012